Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer *RRP* | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 953 | **DATE** | May 17, 2012 |
| **CASE TITLE** | Ken F. Sherman (#336931) vs. Emilio Chiappetta | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to file *in forma pauperis* [3] is granted. The court authorizes the trust fund officer at Plaintiff's place of confinement to deduct $1.20 from his trust fund account and to continue making deductions in accordance with this order. The clerk shall mail a copy of this order to the trust fund officer at the Dodge Correctional Institution, 1 W. Lincoln St., P.O. Box 661, Waupun, WI, 53963. The clerk shall issue summons for service of the complaint on Addison, Illinois Officer Emilio Chiappetta. The clerk shall send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

■[ For further details see text below.]   Docketing to mail notices.

# STATEMENT

Plaintiff Ken Sherman, an inmate at the Dodge Correctional Institution in Waupun, Wisconsin, has filed this civil rights 42 U.S.C. § 1983 action against Addison, Illinois Officer Emilio Chiapetta. Plaintiff alleges the following: on February 27, 2010, Chiappetta stopped Plaintiff while he walking down a street in Addison; there was no justification for the stop; an initial computer check revealed no warrants for Plaintiff; he explained that his brother had dropped him off at that location; a computer check of his brother's name revealed a pending warrant. Chiapetta allegedly threatened Plaintiff with an obstruction of justice charge unless he accompaneid Chiapetta to the police station. When they arrived, a check of Plaintiff's fingerprints revealed a pending warrant. Plaintiff states that he was charged with possession of a controlled substance, and that the charges were later dropped for lack of consent and no probable cause.

Plaintiff's *in forma pauperis* ("IFP") application reveals that he cannot prepay the filing fee. His IFP motion is thus granted. Pursuant to 28 U.S.C. § 1915(b)(1), he is assessed an initial partial filing fee of $1.20. The trust fund officer at Plaintiff's place of confinement is authorized to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer is authorized to collect monthly payments from Plaintiff's account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for the filing fee, and Marathon County Jail officials shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred.

Preliminary review of Plaintiff's allegations as required by 28 U.S.C. § 1915A reveals that Plaintiff has stated a colorable claim against Officer Chiappetta. *See United States v. Broomfield*, 417 F.3d 654, 656 (7th Cir.2005)(stopping a person on the street to ask a few questions may not constitute a Fourth Amendment seizure, but forcing someone to remain and answer questions may implicate constitutional concerns); *see also Holmes v. Village of Hoffman Estate*, 511 F.3d 673, 679 (7th Cir. 2007) (addressing the elements of a false arrest claim).

The United States Marshals Service is appointed to serve Addison, Illinois Officer Chiappetta. Any

| STATEMENT |
|---|
| service forms necessary for Plaintiff to complete for service will be sent to Plaintiff by the Marshal. Plaintiff's failure to return those forms may result in the dismissal of this case. The Marshal is directed to make all reasonable efforts to serve Defendant Chiappetta. If he is no longer with the Addison Police Department, officials there shall furnish the Marshal with his last-known address. The information shall be used only for purposes of effectuating service or to establish proof of service. Address information shall be retained only by the Marshal, and shall neither be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendant in the manner prescribed by Fed. R. Civ. P. 4(d). However, if unable to obtain a waiver, the Marshal shall attempt personal service.<br><br>      Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. In addition, Plaintiff must send an exact copy of any filing to Defendant or, if represented by counsel, to his attorney. Plaintiff must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the court or returned to Plaintiff. |