UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **KEN SHERMAN (#336931)**, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 12 C 0953 |
| ) | |
| ) | Judge Rebecca R. Pallmeyer |
| **OFFICER EMILIO CHIAPETTA.** ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM OPINION AND ORDER

Plaintiff Ken Sherman is currently on parole following his incarceration at the Dodge Correctional Center in Wisconsin. Earlier this year, while Sherman was incarcerated, he initiated this lawsuit against Defendant Emilio Chiapetta, an officer of the Addison, Illinois police, pursuant to 42 U.S.C. § 1983. Plaintiff alleges that Chiapetta falsely arrested him on February 27, 2010. Chiapetta moves to dismiss, arguing that because an active arrest warrant existed at the time of the arrest, Plaintiff has not stated a claim for false arrest. For the reasons set forth here, the motion is granted.

In considering this motion, the court adheres to the principle that all well-pleaded allegations are presumed true and that those facts, and any reasonable inferences, are viewed in the light most favorable to Plaintiff. *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). A motion to dismiss tests the sufficiency of the complaint, not its merits. *Weiler v. Household Finance Corp.*, 101 F.3d 519, 524 n.1 (7th Cir. 1996). The complaint must, however, "plausibly suggest that the plaintiff has a right to relief, . . . ." *E.E.O.C. v. Concentra Health Services, Inc.,* 496 F.3d 773, 776 -77 (7th Cir. 2007), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If the plaintiff himself alleges facts that demonstrate he has no claim, the court will dismiss the complaint. *McCready v. eBay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006). The court is also permitted to take judicial notice of documents in a public record without converting the motion into one for summary judgment. *Pugh v. Tribune Co.*, 521 F.3d 686, 691, n.2 (7th Cir.

2008); see also *Fairley v. Zelenik*, 888 F. Supp. 89, 91 (N.D. Ill. 1995) (court considered an arrest warrant in ruling on a motion to dismiss where it was "referred to in the Complaint, although somewhat indirectly," and was "central to the claim" of unconstitutional arrest and detention under § 1983).

In the complaint before the court, Plaintiff has alleged that on February 27, 2010, while he was walking on a street in Addison, Illinois, Defendant Chiapetta stopped him for no reason. (Compl. at 4.) When Officer Chiapetta asked Plaintiff to identify himself, Plaintiff gave a false name, and a computer check revealed no active warrants for arrest for that name. (*Id.*) Officer Chiapetta then asked Plaintiff how he had gotten to that location, and Plaintiff replied that his brother, Mike Sherman, had dropped him off there. When Officer Chiapetta ran a computer check for the name "Mike Sherman," he discovered an active warrant and demanded that Plaintiff accompany him to the police station to verify that Plaintiff himself was not in fact Mike Sherman. (*Id.*) Against his will, and in response to a threat that he would be charged with obstruction of justice, Plaintiff did go to the police station, where he was fingerprinted. (*Id.*) The fingerprint test revealed Plaintiff's true identity, and as there was an active warrant for his arrest, Plaintiff was taken into custody. (*Id.*)

Plaintiff's original complaint made clear that he sought to allege a claim of false arrest for the February 27, 2010 incident, but did not make clear that there was an active arrest warrant at that time. He alleged that "after further fingerprint check, defendant discovered plaintiff had a warrant and arrested him," but also alleged that, after several months of challenging his confinement, the charges "were subsequently dismissed for lack of consent and no probable cause." (Compl. at ¶¶ 15, 17.) Construing these original allegations in the light most favorable to Plaintiff, the court permitted the case to proceed; it was possible that Plaintiff was attempting to allege that he had been arrested without a warrant; that the fingerprint search mistakenly suggested that a warrant was outstanding; and that the charges were dismissed once the court or the officers recognized that a mistake had been made. The parties' subsequent pleadings have clarified things:

2

it is now undisputed that Plaintiff gave someone else's name when Chiapetta stopped him; that the name Plaintiff gave the officer had no pending warrants (and also had no driver's license, contrary to Plaintiff's statement to Chiapetta that he was driving without a license because it had been seized earlier when he received a ticket); that Plaintiff was taken to the station to verify that he was not his brother Mike Sherman; and that Plaintiff's fingerprints revealed that he was Ken Sherman, for whom there was a pending warrant. (Compl. at ¶¶ 7-15; R. 10, Def.'s Mot. to Dismiss; R. 19, Pl.'s Response.) In support of the motion to dismiss, Defendant has submitted public records of which the court may take judicial notice: the arrest warrant that was issued in January 2010 and a transcript from a hearing in a criminal case in DuPage County, during which Plaintiff admitted to these facts. (R. 10, Def.'s Mot. to Dismiss at Exhs. B and C.)

Plaintiff does not now challenge this account, nor does he dispute the existence of a warrant at the time of his arrest. Instead, he argues that the arrest was improper based on Chiapetta's conduct before he discovered the existence of a valid warrant. (R. 19, Pl.'s Response.) These circumstances do not support a valid claim, however. "[T]o prevail on a claim of an arrest in violation of the Fourth Amendment, the plaintiff [] must show that [he was] arrested without probable cause; probable cause is an absolute defense to such a claim." *Lawson v. Veruchi*, 637 F.3d 699, 703 (7th Cir. 2011) (internal quotation marks and citation omitted). It matters not that the officer was unaware of the warrant at the time of the arrest. *See Devenpeck v. Alford*, 543 U.S. 146, 153 (2004) (explaining that an officer's subjective mistaken belief that probable cause exists for one offense does not give rise to a false arrest claim so long as probable cause existed for another offense; the officer's "subjective reason for making the arrest need not be the criminal offense as to which the known facts provide probable cause"). As explained by the Seventh Circuit,

> [i]f police stopped cars randomly, looking for persons against whom there were outstanding warrants, the drivers and passengers not named in warrants would have good Fourth Amendment claims. But a person named in a valid warrant has no right to be at large, and so suffers no infringement of his rights when he is apprehended . . .

3

*Atkins v. City of Chicago*, 631 F.3d 823, 826-27 (7th Cir. 2011).

In short, the existence of a valid warrant for Plaintiff's arrest defeats his false arrest claim. The motion to dismiss is granted, and the complaint is dismissed. The dismissal of this complaint counts as one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g). Plaintiff is advised that if a prisoner accumulates three strikes (if he has had three federal cases or appeals dismissed as frivolous, malicious, or for failure to state a claim), he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

Plaintiff may appeal this dismissal by filing a notice of appeal within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). If he is unable to prepay the $455 filing fee, Plaintiff may submit an application to appeal *in forma pauperis*, using this court's form, and stating the issues he intends to raise on appeal. *See* § 1915(a); N.D. Ill. Local Rule 3.3; FED. R. APP. P. 24(a)(1)(C). Should he do so, Plaintiff will ultimately be liable for payment of the full fee, irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, Plaintiff may also accumulate another "strike" under 28 U.S.C. § 1915(g). *See* § 1915(a); N.D. Ill. Local Rule 3.3; FED. R. APP. P. 24(a)(1)(C).

## **CONCLUSION**

For the reasons stated above, Defendant's motion to dismiss [10] is granted. The complaint is dismissed with prejudice. This case is closed. The dismissal counts as one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

ENTERED:

Date: October 9, 2012

REBECCA R. PALLMEYER
United States District Judge